**BAOCAI LI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–72647.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 27, 2007 *.

Filed Aug. 30, 2007.

Albert S. Chow, Esq., Lin & Chow, Monterey Park, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Ila C. Deiss, Esq., Office of the U.S. Attorney, San Francisco, CA, for Respondent.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

MEMORANDUM **

Baocai Li, a native and citizen of China, petitions for review of the Board of Immigration Appeals' affirmance of an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Chebchoub v.*

*INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility decision based on an inconsistency between petitioner's testimony and application regarding the nature of the information that the Chinese government told petitioner to provide regarding his Malaysian employer. *See id.* at 1043–45. His asylum claim is accordingly denied.

Because petitioner fails to demonstrate that he is eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because petitioner's CAT claim is based on the same evidence as his asylum claim, petitioner is ineligible for CAT relief as well. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

**Jalwant Singh RANDHAWA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–73039.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.